Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT
for the
NORTHERN District of OHIO

EASTERN Division

FILED
OCT 16 2024
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

LONNIE THOMPSON,

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

WHEELER, et. al.,

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

Case No. **1:24 CV 01802**
*(to be filled in by the Clerk's Office)*

**JUDGE FLEMING**

**MAG. JUDGE SHEPERD**

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | LONNIE THOMPSON |
| All other names by which you have been known: | LONNIE B. THOMPSON |
| ID Number | # 640-614 |
| Current Institution | Richland Correctional Institution |
| Address | 1001 Olivesburg Road, P.O. Box 8107 |
| | Mansfield　　　　　OH　　44901 |
| | *City　　　　　　State　　Zip Code* |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | RACHAEL WHEELER |
| Job or Title *(if known)* | Nurse Practitioner |
| Shield Number | |
| Employer | Ohio Department of Rehabilitation & Correction |
| Address | 1001 Olivesburg Road |
| | Mansfield　　　OH　　44905 |
| | *City　　　　State　　Zip Code* |

[XX] Individual capacity　　[XX] Official capacity

Defendant No. 2

| | |
|---|---|
| Name | SHERRY CORNWELL |
| Job or Title *(if known)* | Nurse Practitioner |
| Shield Number | |
| Employer | Ohio Department of Rehabilitation & Correction |
| Address | 1001 Olivesburg Road |
| | Mansfield　　　OH　　44905 |
| | *City　　　　State　　Zip Code* |

[XX] Individual capacity　　[XX] Official capacity

Defendant No. 3
Name
Job or Title *(if known)*
Shield Number
Employer
Address

City    State    Zip Code

[ ] Individual capacity   [ ] Official capacity

Defendant No. 4
Name
Job or Title *(if known)*
Shield Number
Employer
Address

City    State    Zip Code

[ ] Individual capacity   [ ] Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

[ ] Federal officials (a *Bivens* claim)

[XX] State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?
U.S. Constitutional Rights of the Eighth Amendment and the Fouthteenth Amendments (Deliberate Indifference and Due Process)

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed. Nurse Practitioner Wheeler deliberately with knowledge of my underlying immune deficiency and my inability to fight off any type of disease due to my cancer treatment of bladder and prostate cancer refused to follow doctor orders from Ohio State University Hospital for pain medicine "Ultram" and dietary supplement "Ensure". See attached page Exhibit "A".

### III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐ Pretrial detainee

☐ Civilly committed detainee

☐ Immigration detainee

☒ Convicted and sentenced state prisoner

☐ Convicted and sentenced federal prisoner

☐ Other *(explain)*

### IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed. See attached Claim, Exhibit "B"

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.
All events happened in the Richland Correctional Institution between the dates of October 2023 up to and continuing to the date of this filing of this complaint.

ATTACHED PAGE, II, Basis for Jurisdiction
Question D

EXHIBIT "A"

These medicines were perscriptions that the Urologist and the Oncologist placed in my orders of after care to be followed by the Richland Correctional Institutional doctor/nurse practitioner upon my return to the insitution. Nurse Practitioner Wheeler deliberately disobeyed said orders and did not prescribe said medicine to me. Instead of following the doctors' order, Nurse Practitioner Wheeler prescribed the non-effective, over the counter "Tylenol" and Ibuprofen to me. Nurse Practitioner Wheeler did not order any dietary supplement at all and told me directly that she would not order the prescribed dietary supplement "Ensure" due to the fact that I did not meet the weight requirement to have it regardless of the fact that I am still losing weight and fighting bladder and prostate cancer.

Nurse Practitioner Cornwell, who is also denying me medicine perscribed by the Ohio State University Hospital doctors, (Urologist and Oncologist) who perscribed the pain medicine "Ultram" and the dietary supplement "Ensure" denied me these medicines when I inquired as to why I was not receiving said medicines. She also stated that she did not think it was necessary for me to have these medicines yet. She also made decision as to deny me the doctor ordered medicines in which she exceeded her authority to do so, thereby taken on the role of culpubility and responsibility of the harm done to me.

The doctors orders from O.S.U. Hospital are for medical and a neccessary medicines prescribed for the purpose of elimanating any and all pain and suffering that I would be going through in which I am still experiencing pain without the doctor ordered prescrition medicine "Ultram". Also I am still fighting for my life with baldder and prostate cancer in which both N/P Wheeler and N/P Cornwell refuse to issue me either medicine. They both state that I do not meet the required weight loss to be given the dietary supplement "Ensure". Doctor ordered medications are to be followed and the orders are not discretionary but meticulous and should be followed to the letter. Especially when said medicines were and are available in the institutional pharmacy and if not a mere e-mail or phone call to the Central Pharmacy in Columbus is always available to authorize the request.

**Nurse Practitioner Wheeler**
**Richland Correctional Institution**
**1001 Olivesburg Road**
**Mansfield, OH 44905**

## Attached Claim of Complaint

  The Plaintiff, Lonnie Thompson files this complaint due to the fact that the plaintiff continues to be exposed to violations of the Eighth Amendment of the United States Constitution by the below named individuals, Nurse Practitioner Rachael Wheeler and the other individual Nurse Practitioner Sherry Cornwell. All events happened between the times of the date of October, 2023 and continue to happen up to the present time of this filing of this complaint.

  Rachael Wheeler, Nurse Practitioner, (hereafter known N/P Wheeler) is one of the two (2) Nurse Practitioners at the Richland Correctional Institution, located at 1001 Olivesburg Road, Mansfield, OH 44905. N/P Wheeler is not a State of Ohio employee, she is a contracted employee through an outside agency hired by the State of Ohio for the Department of Rehabilitation and Correction (hereafter known as DRC). A physician who contracts to provide medical services to prison inmates ... acts under color of state law for purposes of § 1983. A physician employed by an independent contractor *is not* a state employee within the meaning of O.R.C. § 109.36(A)(1)(b). N/P Wheeler is being sued in her individual capacity and is culpable and liable for the harm that she created towards and against the plaintiff and for the violations against the United States Constitution's Eighth Amended and the protection afforded within it.

  The traditional definition of acting under color of state law requires that the defendant in a §1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. Also it has long been established that physicians who render medical services to inmates pursuant to a contract with a state act under color of state law for purposes of § 1983. As an employee of a private firm systematically organized to perform the major administrative task of delivering healthcare services to inmates, detainees, and juveniles, N/P Wheeler should categorically be *ineligible* to claim qualified immunity due to the above explained explanation.

  N/P Wheeler should not be allowed to invoke the Qualified Immunity defense for the reasons as follows in this pleading. N/P Wheeler at all times, was acting under color of state law under § 1983. N/P Wheeler, violated and deprived Plaintiff Thompson of his *Eighth Amendment and Fourteenth Amendment* rights of the United States Constitution by participating along with her fellow medical staff at Richland Correctional Institution by continuing to withhold the necessary medicines and medical treatments needed to protect the plaintiff's health. N/P Wheeler's decisions were and still are a conscious choice and a disregard for Plaintiff's health and N/P Wheeler was subjectively aware of the substantial risk of harm to the plaintiff's health with her continuing the denial of the necessary treatment of medical attention. N/P Wheeler knew of all medical risks involved by denying the plaintiff any type of medical need due to the fact that she was and still is well aware of the plaintiff's underlying immune system deficiency due to other medical ailments. Knowing that the plaintiff's immune system was and still is compromised by the cancer treatment and operations he has had and still has to have. That any denying or delaying of the plaintiff's medical treatment or medicines could possibly lead to further deterioration of the plaintiff's health and that would be a substantial risk of serious harm (harm as in losing ones' bladder and prostate) and/or even death. This is a life-long handicap and permanent loss of the plaintiff's ability to urinate without constant chronic pain and suffering with the great possibility of losing his prostate and bladder. Pain that is significant and substantial demonstrates a 'serious' medical need. Which the plaintiff may have to have a urine bag placed outside of his body which would be attached by way of a stoma. But she chooses to ignore this fact and continue to administer inadequate medical care if any care, which continues to harm

the plaintiff in the totality of the mistreatment of the plaintiff's health care. The fact that N/P Wheeler did know and should have known that making these types of decisions could lead to further harm to the plaintiff. N/P Wheeler knows that the Plaintiff is in a battle for his life and a life-long continuation of chemotherapy, radiation, the wearing of undergarments for his bladder leakage, and numerous operations in the present and future operations to come. The actions and/or inactions that N/P Wheeler is doing now is against all professional medical care standards by refusing and not complying with medical ordered treatments and policy orders, goes against the grain of modern medical professionalism. It is against her medical training, her common sense and her Hippocratic Oath to continue to contribute to harm a patient rather than to save lives. N/P Wheeler is well aware of the plaintiff's medical history background of having bladder and prostate cancer. She is one of the very few and exclusive "gatekeepers" with complete and total access to my medical records and with this access, N/P Wheeler cannot say that she was not aware of any harm that could possibly become of me not being given the doctor ordered medicine that were and still is prescribed to me for my cancer care. The choice of her not following doctors' order once written is a dereliction of her duties, the administrative medical policies of the Ohio Department of Rehabilitation and Correction medical procedures detailing the procedures of medicines administered to prisoners.

N/P Wheeler meets the requirements of *Direct Participation* by definition due to the fact that she was and still is directly involved in the violations of the plaintiff's constitutional rights. She was not following orders of her supervisor, (OSU Doctors) to deny or refuse doctor's ordered when she denied and refused to fill the plaintiff's doctor ordered medicines. She knew the facts that made her conduct to and towards the plaintiff was illegal. N/P Wheeler knew by denying the plaintiff the necessary medicines were a "serious need" of medical attention of his medication would cause pain and suffering, unnecessary and wanton affliction of pain along with cruel and unusual punishment.

N/P Wheeler's *Indirect Participation* by definition set in motion by denying the plaintiff's needed medication and treatments that she knew or should have known would cause a constitutional violation. N/P Wheeler cannot say she was only following policy or regulations because if she had followed orders, then the plaintiff would have received his much needed and necessary medications and treatments which were ordered by the OSU doctors. Her actions and/or inactions were a deliberate indifference towards the plaintiff. Certainly, N/P Wheeler could not have been acting in good faith and knowing by denying the plaintiff his medication when she knew these orders were ordered by the plaintiff's surgical doctors would not cause harm to the plaintiff. Especially when N/P Wheeler knows of the plaintiff having a compromised immune system and that her acts could possibly lead to ill reversible harm to the plaintiff or even death.

Between the dates of 10/2023 up to the filing of this complaint where the plaintiff (Lonnie Thompson) is incarcerated at, N/P Wheeler did through her negligence, deliberate indifference, dereliction of duty and wanton disregard for the plaintiff's health and safety did cause the plaintiff unnecessary pain and suffering by not prescribing Ohio State University Hospital, (hereafter known as OSU) doctor ordered pain medication, "*Ultram*" (a non-narcotic pain reliever) and the dietary nutritional supplement, "*Ensure*" to maintain the plaintiff's overall health and to receive the benefits that the supplement offered. When the plaintiff inquired as to why he was not going to be issued these medicines, N/P Wheeler's reply was simply, "I did not meet the weight requirement to receive the "Ensure" because my weight was not below a certain level." My response to her was, "I have cancer of the bladder and prostate and the OSU Urologist and the Oncologist ordered it and my pain is serve." She replied back, "She did not care and would not be approving the orders from the OSU doctors." These statements by N/P Wheeler amplified her sentiments of her defiance towards any medical decisions other than what she cherry-picks to give or fulfill to inmates under her care.

The orders for these medicines were ordered numerous times from the *Oncologist* and the *Urologist*. These doctors are specialists in the field of Bladder and Prostate Cancer and surely they have and know more about what

medicines and treatment a person needs when these specialists determine and deem the necessity of what types of medicines are ordered to help the Plaintiff, Lonnie Thompson as he goes through immunotherapy, chemotherapy, radiation and/or all cancer treatments. How could N/P Wheeler believe that she should deny the plaintiff any ordered medicine from the specialists unless she believes that the doctors are wrong in their plan of treatment and the strategy they use, that she is more experienced in this type of treatment in the Cancer field. Certainly she must have some type of reasoning in her mind where she as a Nurse Practitioner, could overrule the cancer specialist(s) decisions on what is needed for the plaintiff. Knowing full well she isn't qualified to make such decisions, then she definitely *exceeded her authority* to make such decisions. After all, she is a Nurse Practitioner not a Cancer Specialist. Surely N/P Wheeler must know, giving her educational degree and training in the field of medicine that she could not and should not disobey orders from the Cancer Specialist when she knows her training is limited and not qualified by the medical professional standards nor the requirements needed to supersede the Cancer Specialist's decision to order any types of medicines or treatments. It is not that these medicines or dietary supplements are not available to her to issue to the plaintiff due to the fact that the medicines are in the Richland Correctional Institution's Pharmacy. Or this medicine cannot be authorized by simply calling or e-mailing this needed medicine to the Chief Medical Director in Columbus, Ohio. No, N/P Wheeler has a habit and routinely of cost cutting saving measures to save the State of Ohio money out of the inmate health care budget. Even if there is a doctor ordered medicine for that particular medicine, N/P Wheeler will order the *"generic"* version instead of what was ordered. In this particular matter, "Ultram" (a non-narcotic pain reliever) was ordered by the outside doctors from OSU and N/P Wheeler ordered a cheap and non-effective generic version for pain relief, *"Tylenol"* or *"Ibuprofen."* Which does nothing to alleviate the extreme pain that the plaintiff is experiencing and still has. There is no generic version of *"Ensure"*, so N/P Wheeler's solution is to *not* prescribe anything at all. And the only reason that N/P Wheeler gave out the generic version for pain medicine is because N/P Wheeler could care less about what the doctors may or may not have ordered. Even the Dietician, Ms. Rawes at the Richland Correctional Institution ordered the dietary supplement, *"Ensure"* for twice (2) a day, twice a day, after reviewing the Urologist and Oncologist's prescribed dietary supplement, *"Ensure."* But N/P Wheeler overrode that order and denied it. When N/P Wheeler makes these types of decisions, then she not only takes on the role of Supervisor, but also all the liability and culpabilities of that position when challenged.

With the constant complaining from pain that the plaintiff was and still is going through and going to Nurse's Sick call and Doctor's Sick call complaining of complication of urination with a burning sensation wherever the plaintiff urinated. The pain in his lower back, abdominal area and his stomach all being ignored and once again, looked upon as minor pain and suffering. N/P Wheeler has knowledge of the plaintiff's medical history and all records pertaining to the plaintiff's health. She is one of the 'gatekeepers' of the plaintiff complete medical records and medical history and there is no way that N/P Wheeler at any time can say that she is not aware of the plaintiff's health situation. She along with the other Nurse Practitioner are responsible for the health care of all inmates in the Richland Correctional Institution. Therefore, N/P Wheeler has no excuse for refusing any and all doctor orders that are written for her to follow other than the reason she does not fill them, period. N/P Wheeler exceeded her authority with her discretion and should not be entitled to qualified immunity. N/P Wheeler exceeded her authority by purposely denying and refusing to administer the plaintiff's prescribed pain medicine, dietary nutritional supplement and after care treatment for Bladder and Prostate Cancer. N/P Wheeler cannot with a clear conscious request and demand that she should be granted any type of qualified immunity due to her explicit disregard to the plaintiff's health and well-being. Let alone, her care free nonchalant approach when it came to following doctor orders, Ohio DRC policies, regulations and just plain common sense.

The bladder and prostate cancer that the plaintiff has is active and not cured and to be subjected to the type of medical mistreatment given by N/P Wheeler is no less than torture and barbaric to say the least of how N/P Wheeler

provides not just to the plaintiff but to every other inmate who sees her on a Nurse Practitioner level. N/P Wheeler idea of care is to basically let nature runs its course to solve the majority of her inmate medical care in their lives. The less she has to do and save money at the same time on the prison health care budget, the better her audit will look when the State of Ohio does a yearly audit of inmate health care. If there is an area that needs to have budget cuts, it would be the expensive cost of inmate health care. Especially, Cancer care, which is a very expensive and detailed cost to any medical budget.

There was an incident where the plaintiff placed a Nurse Sick Call to see N/P Wheeler for a lump on his left testicle, and after being seen by N/P Wheeler concerning this lump she informed and advised the plaintiff to request a sonar gram from the Urologist and ask him to place an order for authorization to have a sonar gram done. This type of medical request is done by the Nurse Practitioner not the Urologist. After all, a nurse practitioner has to examine you first and N/P Wheeler never examined me that time I request to have a sonar gram. As of this filing, the plaintiff has yet to have a sonar gram done. This request for a sonar gram was requested from the plaintiff due to the fact other than there was and still is a lump on the plaintiff's testicle, the plaintiff is concerned about the cancer traveling to his testicle area. N/P Wheeler refused once again to obtain authorization for a sonar gram, even though a prior sonar gram was done before and N/P Wheeler knew that this could and should be ordered for the plaintiff due to the simple fact of the plaintiff having Bladder and Prostate cancer. N/P Wheeler once again refused to thoroughly investigate any medical problems or concerns that the plaintiff had. N/P Wheeler's defiant attitude toward the plaintiff is a blatant disregard to the following of the Eighth Amendment of the U.S. Constitution and the rights it protects, and the harm done to the plaintiff by and through N/P Wheeler's actions and/or inactions to the plaintiff.

What type of doctor, nurse, nurse practitioner would withhold prescribed medication or treatment from a patient? It is unprofessional, unconscionable, unacceptable, unethical and inhumane to do so in which N/P Wheeler did and still is doing to the plaintiff. The plaintiff has written up N/P Wheeler concerning this matter of denying medications by way of Institutional Informal Complaints, Grievances and finally, Appeal level. Of course, the State has sided with N/P Wheeler in their conclusion of the issues. That part of total exhausting all of the Ohio DRC' Administrative Remedy are exhausted and done with.

**Nurse Practitioner Sherry Cornwell**
**Richland Correctional Institution**
**1001 Olivesburg Road**
**Mansfield, OH 44905**
**Attached Claim of Complaint**

The Plaintiff, Lonnie Thompson requests files this complaint due to the fact that the plaintiff continues to be exposed to violations of the Eighth Amendment of the United States Constitution by the below named individual, Nurse Practitioner Sherry Cornwell. All events happened between the times of the date of October, 2023 and continues to happen up to the present time of this filing of this complaint.

Sherry Cornwell, Nurse Practitioner, (hereafter known N/P Cornwell) is one of the two (2) Nurse Practitioners at the Richland Correctional Institution, located at 1001 Olivesburg Road, Mansfield, OH 44905. N/P Cornwell is not a State of Ohio employee she is a contracted employee through an outside agency hired by the State of Ohio for the DRC. A physician who contracts to provide medical services to prison inmates ... acts under color of state law for purposes of § 1983. A physician employed by an independent contractor *is not* a state employee within the meaning of O.R.C. § 109.36(A)(1)(b). N/P Cornwell did and still is acting under the color of state law while committing these violations of the Eighth Amendment. N/P Cornwell is being sued in her individual capacity and is culpable and liable

[4 of 7]

for the harm that she created towards and against the plaintiff and for the violations afforded in the United States Constitution's Eighth Amended.

The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. Also it has long been established that physicians who render medical services to inmates pursuant to a contract with a state act under color of state law for purposes of § 1983. As an employee of a private firm systematically organized to perform the major administrative task of delivering healthcare services to inmates, detainees, and juveniles, N/P Cornwell should categorically be *ineligible* to claim qualified immunity. N/P Cornwell is an active and direct participant in the ongoing violations of the plaintiff's rights under the Eighth Amendment by continuing to deny and refuse to follow doctor orders when those orders are clear and that they are ministerial and not discretionary. N/P Cornwell, along with her colleague, N/P Wheeler together in their final decisions to not issue the prescribed pain medicines and dietary nutritional supplement to the plaintiff unequivocally shows that they both exceeded their authority to not follow policy, regulations and a totally disregard of their Hippocratic Oath. An oath to save lives, not to harm, or cause unnecessary pain and suffering by cruel and unusual punishment.

N/P Cornwell knew or should have known with her degree in the medical field and the medical profession that withholding, denying or refusing to prescribe pain medication or medical treatments once prescribed, could and is a violation of the plaintiff's Eighth Amendment rights. That "Intentionally interfering with the treatment once prescribed" is one of the forms of deliberate indifference. N/P Cornwell knew of this fact but still persisted and defiantly continue to deny the plaintiff any relief when she knew that the plaintiff was and still is suffering from not having the prescribed medications. She is one of the very few and exclusive "gatekeepers" with complete and total access to my medical records and with this access, N/P Wheeler cannot say that she was not aware of any harm that could possibly become of me not being given the doctor ordered medicine that were and still is prescribed to me for my cancer care. The choice of her not following doctors' order once written is a dereliction of her duties, the administrative medical policies of the Ohio Department of Rehabilitation and Correction medical procedures detailing the procedures of medicines administered to prisoners.

The plaintiff went to see N/P Cornwell on one occasion for pain complication in his lower back, abdominal region and pelvis area. N/P Cornwell's only medical prognosis for this problem that the plaintiff is experiencing, was her professional and medical reasoning was that the plaintiff takes a sock (the ones worn on ones' foot) and fill it with rice (the food product that you eat) tie it up and place it in the microwave and use it for a heating pad to relieve the plaintiff of his pain. What type of medieval medical advice was this to give a patient for solving his pain? This was one of the Richland Correctional Institution's medical staff tactics of money saving, cost cutting practices used to dissuade an inmate from seeking any medical help from the medical staff. It is a known fact that any type of care for cancer, is a very expensive and long term endeavor for any health system to cover that expense. One might ask, "Is the benefit worth it" for an inmate in prison to be given costly and long term cancer care? Or should there be a delay, or denial and a refusal to waste money resources and just let nature takes its course? The overhead of paying for cancer care can manipulate one's decisions and the pressure from the budget department can make the outcome for the inmate dismal at best.

The plaintiff has been approved for a Trup procedure to have scar tissue removed from his bladder and urethra for over a month and a half (1½) and as of this filing, due to a scheduling conflict and the plaintiff still has not had the procedure done. This was told to the plaintiff by both N/P Cornwell and N/P Wheeler. This Turp is necessary to clear out the scar tissue so that the plaintiff can begin a new treatment of immunotherapy/chemotherapy. The plaintiff has cancer of the bladder and prostate, not a broken finger, so time is of the very essence. Stall, delay and deny is the

common denominator when it comes to inmate health care from the medical staff at Richland Correctional Institution. A scheduling conflict is always the culprit when it comes to inmate health care and it seems as though there is no *urgency* to have this cancer procedure done.

    The objective component requires a plaintiff to establish the existence of a "sufficiently serious" medical need. Objectively, N/P Cornwell knows that there is a serious medical need for the plaintiff to have prescribed pain medication due to the fact that she has complete and total access to the plaintiff's medical records and his medical history. And to deny or delay any or all medical orders prescribed by the OSU doctors was a breach in the plaintiff's constitutional rights. The Sixth Circuit defined a "sufficient serious" medical need as one "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Additionally, "the seriousness of a prisoner's medical needs 'may also be decided by the effect of delay in treatment. The subjective element requires "an inmate to show that prison officials have a sufficiently culpable state of mind in denying medical care. Prison officials have a "sufficiently culpable state of mind" when they act with "deliberate indifference" to an inmates serious medical need. To establish a prison official's "deliberate indifference," a plaintiff must show that the official: (1) subjectively knew of a risk to the inmate's health, (2) drew the inference that a substantial risk of harm to the inmate existed, and (3) consciously disregarded that risk. By the choices that N/P Cornwell made in her decisions to deny and delay any doctor orders was a state of mind she showed towards her deliberate indifferences to the plaintiff.

    N/P Cornwell is well aware of the plaintiff's medical history background of having bladder and prostate cancer. N/P Cornwell is the plaintiff's Chronic Care Nurse and has complete and total access to the plaintiff's medical records. N/P Cornwell is one of the limited individuals within the RICI medical department who has unlimited and complete access to any inmate's medical records. She has the ability to look at any records, I mean any record. There is no reason where she can say that she did not have knowledge of my illness or treatment. Whenever the plaintiff went out for immunotherapy/chemotherapy treatments or any and all operations done outside of the institution, the plaintiff would have a follow-up consult with either one of the practitioners to discuss whatever the doctors may have ordered prescription wise or what treatment was to be scheduled next. There is no way that N/P Cornwell or N/P Wheeler can say that they were not privy to the intricate details of the plaintiff's health concerns. Also knowing the history of the plaintiff's immune system deficiency being compromised by an underlying problem and the cancer treatments placing a great strain on the plaintiff's health. To allow the plaintiff to just sit around waiting for a minor procedure and allow the cancer cells to continue to mutate is incomprehensible and inhumane. N/P Cornwell's actions and/or inactions show a *deliberate indifference* due to the fact that she has all of the knowledge necessary to know that the refusal of medications (pain and dietary supplements) would and does contribute to the further deterioration in the plaintiff's health.

    N/P Cornwell should not be able claim that she is immune by qualified immunity from any claim and the consequences of being liable. N/P Cornwell should be found liable for damages she has caused by denying medicine deemed necessary and life sustaining for the plaintiff's health and the deteriorating factors involved. With N/P Cornwell continuing to deny the Plaintiff, Lonnie Thompson pain medical and dietary supplement is directly causing physical pain and suffering without said medicine prescribed by the OSU Doctors. Such factors as irreplaceable quality of life when the delaying of treatment to maintain the plaintiff's immune system's defenses to be able to fight off diseases. The fact that the cancer treatment that the plaintiff has been through and still has to go through, compromises the plaintiff's inability to maintain a white blood cell count strong enough without medications. Medication that N/P Cornwell refuses to order. This defiant attitude of N/P Cornwell has towards the plaintiff's health and wellbeing by not issuing prescribed medicine, is nothing short of a death sentence for the plaintiff. The authority taken by N/P Cornwell

with her defiance attitude towards her medical orders from qualified doctors to order prescribed medicine is nothing less than being unprofessional, incomprehensible and against her Hippocratic Oath that she swore to uphold when it pertains to any patient care. Regardless of that patient being a prisoner of the Ohio Department of Rehabilitation and Correction. What type of doctor, nurse, nurse practitioner would withhold prescribed medication or treatment from a patient? It is unprofessional, unconscionable, unacceptable, unethical and inhumane to do so in which N/P Cornwell has done and still is doing to the plaintiff.

If a court is considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

## RELIEF

That the relief sought in this litigation is that N/P Cornwell and N/P Wheeler be liable for the monetary damages requested by the plaintiff in their individual capacity for punitive damages for five (5) hundred thousand dollars each and compensatory damages for five (5) hundred thousand dollars each. The plaintiff has a life-long disability and a quality of life that is extremely difficult to manage due to the fact of future operations and complications with the diagnosis of Bladder and Prostate cancer. That the plaintiff should be allowed attorneys' fees. That the plaintiff should be allowed attorneys' fees, removal of both individuals from the staff of any medical position in the medical field in the State of Ohio, Department of Rehabilitation and Correction.

C. What date and approximate time did the events giving rise to your claim(s) occur?
From October 2023 up to the present and is still continuing to happen.

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)* Nurse Practitioner Rachael Wheeler and Nurse Practitioner Sherry Cornwell. Please see attached Exhibit "B".

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive. My injury is being that I have extreme pain and suffering that is due to the fact that both Nurse Practitioners Wheeler and Cornwell refuse to follow doctor orders and prescribe said medicines. I have difficulty walking and I required the assistance of a cane and I can hardly walk. With the refusal of both Nurse Pactitioners refusing to issue my prescribed medicine, I am constantly and continuing to lose weight due to my ongoing battle with cancer treatment. I suffer every minute of the day and both Wheeler and Cornwell still refuse to follow doctor orders. See attached Exhibit "B" for further explaination.

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims. That both perputrators, (Wheeler and Cornwell) both be punished for their deliberate indifference, wanton disregard and their neglect of my well being. That they both be made to compensate my injury by their not following doctor's orders. Their defiance attitude towards my safety and health. Pay actual damages and punitive damages for my now life long disability that they both continue to create for me by making me suffer unnecessarily for want. That they both be responsible for damages of five hundred thousand dollars a piece for each actual and punitive damage caused by their neglegence.

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

```
Richland Correctional Institution
1001 Olivesburg Road - Post Office Box 8107
Mansdfield, OH  44901
```

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No

☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☐ No

☒ Do not know

If yes, which claim(s)?

Case: 1:24-cv-01802-CEF Doc #: 1 Filed: 10/16/24 15 of 19. PageID #: 15

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E. If you did file a grievance:

1. Where did you file the grievance? With the proper Grievance policy here at the Richland Correctional Institution.

2. What did you claim in your grievance? I claimed that N/P Wheeler and N/P Cornwell both refused to follow the Ohio State University Hospital Oncologist and Urologist's prescribed medicines, (Ensure and Ultram) for me to take due to my bladder and prostate cancer after care. I am still experiencing this same refusal from both nurse practitioners to date. That I was and still am suffering from their neglect and their disobedience to follow doctor orders. That the prescribed medicine are and have always been available to be issued to me from the Richland Corr. Inst. Pharmacy.

3. What was the result, if any? Grievance ID # (RICI0000000001339) Richland Corr. Inst. was appealed all the way up to the Grievance Headquarters Office in Columbus, OH to the Ohio Department of Rehabilitation and Correction where they decided against me.

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

As stated above, I appealed my grievance to the fullest extent possible and all avenues all totally exhausted in the Administrative Policy available to me in the State of Ohio, Department of Rehabilitation and Correction.

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. I appealed my grievance first to the institutional inspector, then then to the warden of Richland Correctional Institution, then directly to the highest department in Columbus, OH, State of Ohio, Department of Rehabilitation and Correction.

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☒ Yes

☐ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s)   LONNIE THOMPSON
   Defendant(s)   HENSLEY et. al.,

2. Court *(if federal court, name the district; if state court, name the county and State)*
   UNITED STATES DISTRICT FOR THE NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

3. Docket or index number
   1:23 cv 01656

4. Name of Judge assigned to your case
   HONORABLE JUDGE PAMELA ANN BARKER,   HONORABLE MAGRISTRATE JAMES E. GRIMES JR.

5. Approximate date of filing lawsuit
   August 25, 2023

6. Is the case still pending?

   ☒ Yes

   ☐ No

   If no, give the approximate date of disposition.

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☒ Yes

☐ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s)   LONNIE THOMPSON

   Defendant(s)   Tim McConahay, warden

2. Court *(if federal court, name the district; if state court, name the county and State)*

   United States District Court for the Northern District of Ohio, Eastern Div.

3. Docket or index number

   1:19 cv 00058

4. Name of Judge assigned to your case

   Sara Lioi

5. Approximate date of filing lawsuit

   01/09/2019

6. Is the case still pending?

   ☐ Yes

   ☒ No

   If no, give the approximate date of disposition   10/'31/2022

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   Case denied and dismissed, judgement against me, no COA

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: October 04, 2024

Signature of Plaintiff

Printed Name of Plaintiff: LONNIE THOMPSON

Prison Identification #: # 640-614

Prison Address: 1001 Olivesburg Road, P.O. Box 8107

Mansfield, OH 44901

### B. For Attorneys

Date of signing: 10/04/2024

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

City / State / Zip Code

Telephone Number

E-mail Address