IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LONNIE THOMPSON, | ) | CASE NO. 1:24-CV-01802 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | |
| | ) | |
| RACHAEL WHEELER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | **ORDER RESOLVING ECF NO. 11** |

Before the Court is Plaintiff Lonnie Thompson's Motion to Stop Court Cost from Inmate Personal Account. (ECF No. 11). Plaintiff asks the Court to stop collecting court costs from his prisoner account because he dismissed the case from which the court costs stem voluntarily. (*Id.* at PageID # 92–93; *see* ECF No. 10, Marginal Order of Dismissal).

When Plaintiff filed his complaint, he also filed a motion to proceed *in forma pauperis*. (ECF No. 2). The Court granted that motion. (ECF No. 4). In its Order granting Plaintiff's motion, the Court ordered Plaintiff to pay a filing fee of $350.00 in accordance with 28 U.S.C. § 1915(b). (*Id.* at PageID #70). That statute assists indigent prisoner–filers by alleviating them of the need to pay the full filing fee when they file a complaint. 28 U.S.C. § 1915(a)(2). It does not forgive the filing fee all together. *Id.* Instead, it provides prisoner–filers with the ability to pay the filing fee incrementally. 28 U.S.C. § 1915(b). The Court's Order granting Plaintiff's motion to proceed *in forma pauperis* faithfully applies these principles to Plaintiff's filing-fee obligation.

The Sixth Circuit requires indigent prisoner–filers to pay court costs assessed to them under 28 U.S.C. § 1915(b). *Erdman v. Martin*, 52 F. App'x 801, 803 (6th Cir. 2002). In part, this is due to Congress's legitimate interest in deterring frivolous prisoner filings. *Hampton v. Hobbs*, 106 F.3d 1281, 1286–87 (6th Cir. 1997). Congress also views payment of the filing fee as obligating

1

prisoner–filers to shoulder "a very small share of the large burden they place on the Federal judicial system." *Id.* at 1286 (quoting 141 Cong. Rec. S7526 (statement of Sen. Kyl)).

Plaintiff's decision to voluntarily dismiss his complaint has no bearing on the filing fee he owes. Through his motion to proceed *in forma pauperis*, Plaintiff secured access to this Court through which he could seek redress for injuries caused by the named defendants. In so doing, employees of the clerk of this Court received Plaintiff's complaint and opened the matter in the Court's electronic filing system; the U.S. Marshal served Plaintiff's complaint by FedEx. (ECF Nos. 5, 6 & 7). The Court reviewed Plaintiff's complaint pursuant to its obligation under 28 U.S.C. § 1915(e)(2) and determined that the case merited being referred to Magistrate Judge Reuben Sheperd. (ECF No. 3). The Court sent ordinary-mail service of his motion to the named defendants, and processed the notice of voluntary dismissal he filed (ECF No. 10). The costs of these activities are precisely what Congress intended prisoner-filers to minimally shoulder, unaffected by the ultimate disposition of the case. For these reasons, Plaintiff's motion (ECF No. 11) is **DENIED**.

**IT IS SO ORDERED.**

Date: August 21, 2025

_____
**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**